ROGERS, J.
 

 Plaintiff appeals from a judgment rejecting his demand on an exception of no cause of action.
 

 The suit was for the recovery of the principal of a promissory note, with interest and attorney’s fees. Plaintiff alleged that the note had been secured by a mortgage on the vessel Young Champion, which mortgage was duly recorded in the office of the United States collector of customs at the port of New Orleans; that the vessel had been confiscated by the United States government, and his mortgage thereon was worthless; that therefore petitioner desired to proceed personally against defendant as the maker of the note.,
 

 The Ship Mortgage Act of 1920 (section 30, subsec. O (b) provides as follows, viz.:
 

 “The interest of the mortgagee in
 
 p
 
 vessel of the United States covered by a mortgage, shall not be terminated by the forfeiture of the vessel for a violation of any law of the United States, unless the mortgagee authorized, consented, or conspired to effect the illegal act, failure, or omission which constituted such violation.” USCA title 46, Shipping, § 961, subsec. (b).
 

 Defendant argues, in support of his exception, that it must be presumed the forfeiture of the mortgaged vessel, under the quoted provision of the Ship Mortgage Act, is legal, and hence that the plaintiff authorized, consented, or conspired to the violation of the law for which the forfeiture was decreed; that, since upon the face of the petition the mortgage is shown to be worthless, the mortgagor’s personal obligation as the maker of the mortgage note is also worthless.
 

 Defendant’s argument erroneously assumes that the mortgage and not the debt which it secured was the primary obligation. The converse of the proposition is true. The
 
 *328
 
 mortgage was nothing more than a mere lien to secure the debt evidenced by defendant’s note. The debt did not follow the mortgage, but the mortgage followed the debt, to which it was a mere incident.
 

 Although, under the terms of the Ship Mortgage Act, government claims for forfeitures are given priority over the claims of mortgagees who commit illegal acts, there is nothing in the law which affects a mortgagee’s bona fide claim on the personal obligation of the mortgagor. Certainly, if the debt and the mortgage securing it were entered into bona fide by the contracting parties, the plaintiff may maintain a personal action on the note evidencing the debt, even if he has lost his lien .because of the forfeiture of the mortgaged vessel for its subsequent unlawful use.
 

 For the reasons assigned, the judgment appealed from.is annulled, the exception of no cause of action is overruled, and the case is remanded to the district court for further proceedings not inconsistent with the views herein expressed; defendant and appellee to pay the costs of these proceedings; all other costs to await the final disposition of the case.